JUNIOR RAY HOLLAND V. STATE

No. 34,442. March 21, 1962
Motion for Rehearing Overruled May 9, 1962

*Gib Callaway*, Brownwood, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The indictment charged that appellant, with malice afore-thought, made an assault upon Sandy A. Taylor, W. L. Davis, and V. G. Grady with intent to kill them.

At the close of the evidence, the trial court submitted the case to the jury under a charge authorizing conviction of assault with intent to murder with and without malice and of aggravated assault, and the jury returned a verdict finding appellant guilty of aggravated assault, and assessed his punishment at six months in jail and a fine of $200.00.

V. G. Grady, a Brownwood police officer, was the sole witness for the state. He testified that he and Officers Davis and Taylor went to the house in question to check on a report that a man was beating a little girl; that they went up to the house and knocked on the door; that appellant responded by asking, "Who is it?"; that they informed him they were police officers; that appellant then came from a back room into the living room, armed with a .22 caliber rifle, and stated, "I am going to kill some g_____ d_____ cops"; that the officers then drew their pistols and asked appellant to put his gun down; that appellant replied, "I'll put it down if you'll put your guns up"; that the officers put their guns in their holsters and kept talking to appellant, who continued to hold the rifle on them; that Officer Davis worked the screen door open with his foot and they rushed appellant and disarmed him, and that the rifle was loaded.

Officer Grady further testified that they had no warrant for appellant's arrest and had not intended to arrest him.

Appellant did not testify or offer any evidence in his own behalf, and his sole contention on appeal is that the evidence is insufficient to support the conviction because he had the right to defend himself against an illegal arrest.

In all the cases cited by appellant in support of his contention, the officers had either arrested the defendant illegally or were attempting to do so when he exerted force to extricate himself. In the case at bar, the uncontroverted evidence reflects that the officers were merely investigating a reported disturbance, that they did not intend to arrest appellant and that they had made no attempt to arrest him prior to the time he made the assault upon them.

We find the evidence sufficient to support the conviction and, no reversible error appearing, the judgment is affirmed.